IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BYRON M. STEWART                              :
                                             :
          v.                                 :     CIVIL ACTION NO. AMD-07-578
                                             :
JAMES SMITH, Warden                          :
                              ..o0o..

MEMORANDUM

Before the Court is a pro se motion under Rule 60(b)(6) of the Federal Rules of Civil

Procedure filed by Byron M. Stewart, an inmate at the Maryland House of Correction. Stewart seeks

to vacate this court's denial of his 28 U.S.C. §2254 petition for writ of habeas corpus.[1]  *See Stewart*

*v. Conroy*, Civil Action No. AMD-00-1043 (D. Md).   The court will construe the instant motion as

a 28 U.S.C. §2254 motion for habeas corpus relief and deny it without prejudice for lack of

jurisdiction.

I.

Stewart was convicted by a jury sitting in the Circuit Court for Baltimore County of

attempted murder, first degree rape, attempted first degree rape, first degree sex offense, third degree

sex offense, and false imprisonment. On May 24, 1994, the court sentenced him to life imprisonment

for attempted murder, a consecutive term of imprisonment of 50 years for the first degree sex

offense, and a consecutive term of imprisonment of 20 years for false imprisonment with merger of

the remaining offenses.

On April 7, 2000, Stewart filed for federal habeas corpus relief. This court denied his petition

on January 16, 2001.  The Fourth Circuit denied a certificate of appealability on June 29, 2001.  *See*

*Stewart v. Conroy*, 13 Fed Appx. 113 (4th Cir. 2001). Stewart's subsequently filed motions for

_____

[1]Stewart was represented by counsel in his first §2254 proceeding.

reconsideration were all denied by this court.

## II.

Stewart claims that federal habeas corpus relief is warranted because his trial counsel provided ineffective assistance of counsel for failing to file a motion *in limine* or for failing to object to impermissible testimony. Stewart faults this court for finding these claims procedurally barred. As best as the court is able to discern, petitioner pro se argues that dismissal of his ineffective assistance claims was rendered  improper after the state court denied his motion to reopen a closed post-conviction on December 9, 2003.  Petition at 2, ¶ 4 & 9.  Stewart contends these claims are now "exhausted for the purpose of Habeas Corpus." *Id*. at 3, ¶ 12.

## III.

The first question presented is whether this pleading is properly construed under Rule 60(b) or as a second or successive 28 U.S.C. §2254 application for federal habeas relief.  A Rule 60(b) motion that    "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive petition for writ of habeas corpus. *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).

In *Gonzales*, the Supreme Court recognized that the term "on the merits" has multiple usages, and that a petitioner was not making a habeas corpus claim "when he merely asserts that a previous ruling which precluded a merits determination was in error- for example, a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar." *Id.* at 532  n. 4. Such motions attack "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532. If a Rule 60(b) motion attempts to revisit a federal habeas court's denial on the merits, it should be dismissed as a successive to

prevent petitioners from using collateral review to circumvent the rule against successive petitions. *See id.* at 534 (citing *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)).   In *United States v. Winestock*, 340 F. 3d 200, 206-7 (4th Cir. 2003),  the Fourth Circuit explained that "a  motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id*. at 207.

Rule 60(b)(6) allows a court to relieve a party of final judgment for "any other reason justifying relief from the operation of the judgment." Fed R. Civ. P. 60(b)(6). Relief under Rule 60(b) is an extraordinary remedy that may be invoked only upon a showing of exceptional circumstances.  *See Griffin v. Swin-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).  The burden is on petitioner to persuade the court that the circumstances are extraordinary and warrant relief. *See Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996).

Under a Rule 60(b) analysis, Stewart's ineffective assistance claims are neither meritorious nor extraordinary. In denying petitioner's first §2254 application, this court determined:

> Stewart is not entitled to relief based on the trial court's admission of this evidence over objection. To the extent Stewart is now attempting to argue a Fourteenth Amendment due process violation because the exchange constituted an indirect comment on his failure to testify at trial, the claim is procedurally defaulted because it was not raised at any point in the state court proceedings. Similarly, to the extent that Stewart is now attempting to argue a Fourteenth Amendment due process violation because the exchange constituted an improper comment on his invocation of his right to remain silent during questioning is procedurally barred because it was raised for the first time in the application for leave to appeal the denial of post conviction relief and not in the post conviction petition itself.
>
> Moreover, there plainly can be no ineffective assistance claim predicated upon trial counsel's action or inaction since trial counsel preserved the issue by timely objecting to the admission of the evidence. As the trial court did not ask for the basis of the objection, all grounds were preserved.  Trial counsel was not

required to move to strike the exchange; the judge denied his objection. [citations to exhibits omitted].  The instant petition does not contain a claim of ineffective assistance of appellate counsel; thus, there is no cognizable claim presented of ineffective assistance of counsel."[2]

*See* Memorandum, *Stewart v. Conroy,* AMD 00-1043 (Jan 16, 2001, D. Md) at 8.

Stewart's claims are without merit.  Contrary to Stewart's assertions, his unsuccessful efforts to reopen his state post conviction hearing do not revive a procedurally defaulted claim. Further, this court determined where, as here, trial counsel had objected to the admission of the testimony and the trial court did not ask the basis of the objection, all grounds were preserved and there was no cause of action for ineffective assistance. Stewart does not challenge the integrity of the first federal collateral proceeding, nor does he raise any grounds to award extraordinary relief under Rule 60(b).

At bottom, it is clear that Stewart's intention is to challenge his underlying criminal conviction. *See* Petition at 10 (arguing Stewart was provided ineffective assistance of counsel). Where a prisoner attacks his sentence, not the underlying collateral review process, the pleading is more properly construed as a section 2254 motion to correct sentence. *See Gonzales*, 545 U.S. at 532; *Winestock*, 340 F. 3d at 206-7. As such, this motion may be considered as a second or successive 28 U.S.C. §2254 motion.

A second or successive § 2254 petition may not be filed absent authorization to do so from the Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A); *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Petitioner has not suggested that he has obtained prior certification from the Fourth Circuit to file a second or successive §2254 motion.

---

[2]In a footnote, the court noted that the "mere fact" that counsel might have pursued the issue further with the trial court "is insufficient to show that trial counsel's actions fell below an objective standard of reasonableness" under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687-94 (1084).

IV.

For the reasons set forth, this action shall be dismissed without prejudice for lack of jurisdiction. An order follows.


Filed: March 16, 2007                          _____/s/_____
                                                Andre M. Davis
                                                United States District Judge